UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

In re:

LINDA L. GARMONG,

Debtor.

---

GREGORY O. GARMONG,

Appellant,

v.

MAUPIN, COX & LEGOY,

Appellee.

Case No. 3:19-cv-00116-MMD

ORDER

**I.    SUMMARY**

In this bankruptcy appeal, the United States Bankruptcy Court for the District of Nevada denied Appellant Gregory O. Garmong's Motion to Remand, Motion to Abstain and Motion for Attorneys' Fees and Costs ("Motion to Remand"). (ECF No. 1 at 14-18 ("Order on Remand")). Appellant now seeks leave to appeal the interlocutory Order on Remand.[1] (*Id.* at 18-32 ("Motion for Leave to Appeal").) The Court will deny the Motion for Leave to Appeal ("Motion") and concludes that it therefore lacks appellate jurisdiction.

**II.   BACKGROUND**

The matter originated in a Chapter 7 bankruptcy case commenced by Appellant's ex-wife, Linda Garmong. *In re Garmong*, Case No. 3:10-bk-52588-GWZ (Bankr. D. Nev.

---

[1]The Court has reviewed Appellee's response (ECF No. 6) and Appellant's reply (ECF No. 7). Moreover, the parties do not dispute that the Order on Remand is an interlocutory order, therefore the Court will treat it as such.

June 30, 2010), ECF No. 1.² Appellant retained Appellee, the law firm of Maupin, Cox & LeGoy ("MCL"), to represent Appellant in the bankruptcy case. *In re Garmong*, ECF Nos. 15, 23. Appellant's counsel filed a motion to withdraw and requested that the motion be scheduled for a hearing on shortened time. *In re Garmong*, ECF Nos. 254, 256. The bankruptcy court granted the motion and scheduled the hearing for December 2, 2014. *In re Garmong*, ECF No. 259. After a contentious exchange, the parties entered into a settlement agreement on the day of the hearing, which the bankruptcy court approved. *In re Garmong*, ECF No. 282 at 9. Appellant agreed to release his claims against MCL in exchange for the firm's agreement to waive all fees due as of December 2, 2014 and for its commitment to update Appellant's new counsel on the bankruptcy case ("Settlement Order"). *In re Garmong*, ECF No. 282 at 16.

On November 13, 2017, as the underlying bankruptcy case was pending, Appellant filed a complaint against MCL in the Second Judicial District Court of the State of Nevada ("Adversary Proceeding"). (ECF No. 1 at 45-58.) The Complaint alleges that MCL violated an array of Appellant's rights when it abandoned him mid-litigation. (*Id.* at 53-57.) MCL filed an answer and asserted affirmative defenses essentially arguing that the Settlement Order barred Appellant's claims. (*Id.* at 76-78.) On December 6, 2017, MCL removed the Adversary Proceeding to the bankruptcy court. *Garmong v. Maupin, Cox and LeGoy* ("*MCL*"), Adv. Case No. 17-05043-GWZ (Bankr. D. Nev. Dec. 6, 2017), ECF No. 1.³ On January 5, 2018, Appellant filed the motion to remand for lack of subject matter jurisdiction and for mandatory abstention. *MCL*, ECF No. 4. The bankruptcy court denied the motion on February 1, 2019 in an Order on Remand, holding that the bankruptcy court had ancillary jurisdiction and "perhaps related to jurisdiction." (ECF No. 1 at 65-68.) On February 14, 2019, Appellant timely filed the current Motion to the Bankruptcy Appellate

---

²The citations are to the records in *In re Gamong,* Case No. 3:10-bk-52588-GWZ, where noted.

³The citations are to the records in the Adversary Proceeding in *MCL,* Adv. Case No. 17-05043-GWZ, where noted.

Panel.[4] (ECF No. 1 at 9-36). *See MCL*, ECF Nos. 36, 38. On February 25, 2019, MCL timely elected to have this Court decide the Motion instead.[5] (ECF No. 1 at 84-89.)

In the meantime, on February 7, 2019, Appellee filed a motion to enforce the Settlement Order ("Motion to Enforce") in the Adversary Proceeding. *MCL*, ECF No. 25. On July 30, 2019, the bankruptcy court entered findings of fact and conclusion on the Motion to Enforce (the "Findings"), concluding that the bankruptcy court had ancillary jurisdiction to review the Settlement Order. *MCL*, ECF No. 84 at 8-12. On that same day, the bankruptcy court entered an Order Granting Motion to Enforce that dismissed the Adversary Proceeding with prejudice. *MCL*, ECF No. 85 at 2. On August 14, 2019, Appellant appealed the final order to another district court ("Second Appeal") and argued *inter alia* that the bankruptcy court never addressed the abstention issue in the Order on Remand, Order Granting Motion to Enforce, nor the Findings. *Garmong v. Maupin, Cox & Legoy*, Adv. Case No. 3:19-cv-00490-RCJ (D. Nev. Aug. 14, 2019), ECF No. 9 at 20, 40-42.

## III.   LEGAL STANDARD

"Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158." *In re Frontier Props., Inc.,* 979 F.2d 1358, 1362 (9th Cir. 1992). Section 158 vests district courts with appellate jurisdiction over three categories of bankruptcy court orders: (1) "final judgments, orders, and decrees"; (2) "interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title"; and (3) other interlocutory orders and decrees "with leave of the court." 28 U.S.C. § 158(a)(1)-(3). Because the Federal Rules of Bankruptcy do not provide standards for determining when leave to appeal an interlocutory order should be granted, courts generally borrow the standards of 28 U.S.C.

---

[4]*See* Fed. R. Bankr. P. 8002(a)(1) ("[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.").

[5]An appellant who wants to opt out of the Bankruptcy Appellate Panel's jurisdiction and proceed in district court instead must file a State of Election no later than 30 days after service of the notice of appeal. Fed. R. Bankr. P. 8005(a)(2); 28 U.S.C. § 158(c)(1).

3

§ 1292(b). *In re Rivas,* Case No. 2:10-bk-37603-VZ, 2011 WL 6888662, at *2 (C.D. Cal. Sept. 15, 2011); *see also Bank of New York Mellon v. Watt* (*Watt*), 867 F.3d 1155, 1159 (9th Cir. 2017). Thus, to obtain review of an interlocutory order, an appellant must demonstrate that (1) the order involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and that (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *see also Watt*, 867 F.3d at 1159; *Oliner v. Kontrabecki*, 305 B.R. 510, 527 (N.D. Cal. 2004). The party pursuing the interlocutory appeal bears the burden of demonstrating that the statutory requirements are met. *McDonnell v. Riley*, Case No. 15-CV-01832-BLF, 2016 WL 613430, at *4 (N.D. Cal. Feb. 16, 2016) (citing to *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).

Interlocutory appeals are generally disfavored and should only be granted where extraordinary circumstances exist. *In re Cameron*, Case No. C 13-02018 SI, 2014 WL 1028436, at *4 (N.D. Cal. Mar. 17, 2014) (citations omitted); *see also Siegler v. Sorrento Therapeutics*, Inc., Case No. 3:18-cv-1681-GPC-NLS, 2019 WL 2549248, at *2 (S.D. Cal. June 20, 2019) ("Section 1292(b) was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.") (citation and internal quotes omitted).

**IV.    DISCUSSION**

Appellant's Motion seeks leave to appeal the interlocutory Order on Remand for two central reasons that appear to go to the merits of the appeal—the bankruptcy court lacked subject matter jurisdiction and should have abstained. (ECF No. 1 at 18-19.) But the Court declines to address the merits of the bankruptcy court's rulings because, as explained further below, the Court denies the Motion and thus does not have appellate jurisdiction over either issue.

Appellant has failed to prove the first two prongs for granting interlocutory appeal to give this Court appellate jurisdiction. First, Appellant has not demonstrated a controlling question of law, which "means a 'pure question of law' rather than a mixed question of

4

law and fact or the application of law to a particular set of facts." *Halloum*, 2015 WL 4512599, at *2 (citation omitted). Here, Appellant only argues the merits—that the bankruptcy court has misapplied the law of ancillary jurisdiction to the current case. (ECF No. 1 at 27-28.) *See Halloum v. McCormick Barstow LLP*, Case No. C-15-2181 EMC, 2015 WL 4512599 at *3 (N.D. Cal. July 24, 2015) (holding that there is no controlling question of law where an appellant is merely arguing that the bankruptcy court misapplied settled law); *Siegler v. Sorrento Therapeutics*, Inc., Case No. 3:18-cv-1681-GPC-NLS, 2019 WL 2549248, at *2 (S.D. Cal. June 20, 2019) (same). Accordingly, Appellant has not satisfied the first prong for finding appellate jurisdiction here.

Second, Appellant argues that "[t]here is a substantial difference of opinion between Appellant, on the one hand, and the [b]ankruptcy [c]ourt and [Appellees] on the other, as to the [b]ankruptcy [c]ourt's subject-matter jurisdiction here." (ECF No. 1 at 10.) But Appellant relies on an incorrect legal standard—mere disagreement with a lower court's decision or another party's legal interpretation does not constitute a "difference of opinion" under 28 U.S.C. §§ 158(a)(3) or 1292(b). *See McDonnell v. Riley,* Case No. 15-cv-01832-BLF, 2016 WL 613430, at *5 (N.D. Cal. Feb. 16, 2016) ("Simply disagreeing . . . with a court's ruling, is not sufficient for there to be a substantial ground for difference of opinion."); *Williston v. Eggleston*, 410 F. Supp. 2d 274, 277 (S.D.N.Y. 2006) (holding that mere disagreement among the parties does not constitute a difference of opinion); *McDonnell v. Riley*, Case No. 15-cv-01832-BLF, 2016 WL 613430, at *5 (N.D. Cal. Feb. 16, 2016) ("[J]ust because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.") Instead, substantial grounds for difference of opinion exist where reasonable jurists might disagree on an issue's resolution, *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 687-88 (9th Cir. 2011), or where "circuit courts are in dispute, complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented," *Couch,* 611 F.3d at 634. Here, Appellant has not argued any

1 of the preceding points and, therefore, fails to show a substantial ground for difference of
2 opinion that would support appellate jurisdiction here.

3 The Court will also deny the Motion on the abstention issue because Appellant has
4 not demonstrated "extraordinary circumstances" warranting an interlocutory appeal.[6]
5 *Cameron*, 2014 WL 1028436 at *4. In fact, Appellant has already pursued an alternative
6 to interlocutory appeal by raising this issue in the Second Appeal. *See MCL*, ECF No. 9
7 at 20, 40-42 (arguing that the bankruptcy court failed to address Appellant's abstention
8 argument in the Order on Remand, Order Granting Motion to Enforce, and the Findings);
9 *Halloum*, 2015 WL 4512599, at *3 (holding that, because plaintiff had alternative remedies
10 to address the abstention issue, plaintiff had not demonstrated extraordinary
11 circumstances warranting interlocutory appeal). The Court therefore has no appellate
12 jurisdiction over the abstention issue.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of this appeal.

It is ordered that Appellant's Motion for Leave to Appeal (ECF No. 1) is denied.

The Clerk is instructed to enter judgment in accordance with this Order and close this case.

DATED THIS 8th day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[6]Even if the Order on Remand does not provide a rationale for denying abstention, as Appellant argues (ECF No. 1 at 29-30), "that does not thereby make the . . . order erroneous; or even if so, that does not mean that the bankruptcy court thereby committed a pure *legal* error justifying an interlocutory appeal (*i.e.*, a controlling issue of law)." *Halloum*, 2015 WL 4512599, at *3.

6